IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CT-3135-FL

| | | |
|---|---|---|
| NATHANIEL LEE JOYNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MORRIS G. REID, BRIAN B. BLACKBURN, TONYA D. ALEXANDER, and VALERIE J. WILCHER-ROSS, | ) ) ) ) ) | |
| | ) | |
| Defendants.[1] | ) | |

This matter is before the court on defendants' motions for summary judgment (DE 39, 63) and defendant Brian B. Blackburn's ("Blackburn") motion to seal exhibits in support of his motion for summary judgment (DE 59). Plaintiff did not respond to the motions, and in this posture, the issues raised are ripe for ruling.

## STATEMENT OF THE CASE

Plaintiff, a state inmate proceeding pro se, commenced this action by filing a complaint asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendants were deliberately indifferent toward plaintiff's serious medical needs by delaying his medical appointments and not treating his pain. Defendants, sued in their individual capacities, are prison staff employed at Neuse Correctional Institution.

---

[1] Formerly named defendant Department of Adult Correction was dismissed by court order on September 5, 2023.

Following a period of discovery, and in accordance with the court's case management order, defendant Blackburn filed his instant motion for summary judgment on January 27, 2025. Defendant argues that the undisputed evidence shows that plaintiff did not have a sufficiently serious medical need for establishing deliberate indifference, defendant did not have a sufficiently culpable state of mind to establish deliberate indifference, and defendant did not proximately cause any injury to plaintiff. In support of the motion, defendant relies upon memorandum of law, statement of material facts, and appendix of exhibits thereto comprised of the expert report of Thomas D. Fowlkes, MD, and plaintiff's medical records.

On February 17, 2025, defendants Tonya D. Alexander ("Alexander"), Morris G. Reid ("Reid"), and Valarie J. Wilcher-Ross ("Wilcher-Ross") filed their instant motion for summary judgment. These defendants argue that the undisputed evidence shows that defendants did not act with deliberate indifference and are entitled to qualified immunity. In support of the motion, defendants rely upon memorandum of law, statement of material facts, and appendix of exhibits thereto comprising the following: 1) declarations of defendants Alexander, Reid, and Wilcher-Ross; 2) North Carolina Department of Public Safety administrative remedy procedure policies and procedures; and 3) the North Carolina Department of Adult Corrections clinical services policies and procedures.

On February 18, 2025, the court provided plaintiff notice of the motions and instructions for responding, pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), and warned him that failure to respond may result in dismissal of the action. Plaintiff did not respond to the motion.

2

Case 5:23-ct-03135-FL     Document 73     Filed 09/16/25     Page 2 of 5

## DISCUSSION

A.     Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986) (internal quotation omitted).

Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party). "[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in

3

[affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489–90.

B.  Analysis

Defendants have satisfied their burden of identifying the portions of the record that demonstrate the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323; (see Def. Blackburn Mot. (DE 39); Def. Blackburn Mem. (DE 40); Remaining Def. Mot. (DE 63); Remaining Def. Mem. (DE 66)). The burden therefore shifts to plaintiff to "come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 586–87. Plaintiff has not met this burden where he failed to respond to the instant motion and his complaint is not verified under penalty of perjury. See Celotex, 477 U.S. at 324; Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Accordingly, plaintiff has not established a triable issue of fact and defendants are entitled to judgment as a matter of law. See Anderson, 477 U.S. at 247–48.

C.  Motion to Seal

Defendant Blackburn moves to seal plaintiff's medical records and information filed in support of the motion for summary judgment. The public has received adequate notice of the motion to seal. See In re Knight Publishing Co., 743 F.2d 231, 235 (4th Cir.1984). Regarding the documents the parties seek to seal in their entirety, no less drastic alternative to sealing is available because the private information appears throughout the filings sought to be sealed. See Doe v. Pub. Citizen, 749 F.3d 246, 265–66 (4th Cir. 2014). Plaintiff's interest in preserving the confidentiality of his private health conditions outweighs any public interest in disclosure. Accordingly, the court will seal these records.

## CONCLUSION

Based on the foregoing, defendants' motions for summary judgment (DE 39, 63) and defendant Blackburn's motion to seal (DE 59) are GRANTED. The clerk is DIRECTED to maintain docket entries 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, and 58 under seal until further order of the court and to close this case.

SO ORDERED, this the 16th day of September, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge